

# STATE OF RHODE ISLAND

## SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2021-05116 |
| **Plaintiff**<br>National Education Association Rhode Island et al.<br>v.<br>South Kingstown School  Committee et al.<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Carly Beauvais Iafrate |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>38 NORTH COURT STREET<br>3RD FLOOR<br>PROVIDENCE RI  02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Nicole Solas:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/2/2021. | /s/ Stephen Burke<br>Clerk |

Witness the seal/watermark of the Superior Court

A TRUE COPY ATTEST
CONSTABLE ——→ 0139
ANTHONY CALABRO

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| National Education Association Rhode Island et al. | PC-2021-05116 |
| v. | |
| South Kingstown School Committee et al. | |
| **Defendant** | |

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Nicole Solas, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person of suitable age and discretion _____

Address of dwelling house or usual place of abode _____

_____

Age _____

Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.

Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.

Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



## STATE OF RHODE ISLAND

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.

Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.

Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.

Name of authorized agent _____

If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

| SERVICE DATE: ____ / ____ / ____ <br> Month    Day    Year | SERVICE FEE $ _____ |
|---|---|

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____

My commission expires: _____

Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2020)

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

| | |
|---|---|
| **STATE OF RHODE ISLAND**<br>**PROVIDENCE, SC.** | **SUPERIOR COURT** |

| | |
|---|---|
| **NATIONAL EDUCATION ASSOCIATION OF RHODE ISLAND, and NATIONAL EDUCATION ASSOCIATION – SOUTH KINGSTOWN,**<br><br>*Plaintiffs,*<br><br>vs.<br><br>**SOUTH KINGSTOWN SCHOOL COMMITTEE, by and through its members, Christie Fish, Kate McMahon Macinanti, Melissa Boyd, Michelle Brousseau and Paula Whitford, SOUTH KINGSTOWN SCHOOL DEPARTMENT, by and through its Acting Interim Superintendent Ginamarie Masiello, NICOLE SOLAS, and JOHN DOE HARTMAN,**<br><br>*Defendants.* | **C.A. No. PC 21- 05116** |

## VERIFIED COMPLAINT

1. This is an action for declaratory judgment and other relief concerning the appropriate treatment of various records requests pursuant to the Access to Public Records Act ("APRA"), G.L. 1956 § 38-2-1 et seq. In short, this action seeks to: (a) prohibit the disclosure of non-public records; and/or (b) for those requests that call for personally identifiable and other personnel-related information about public school teachers, that no records be disclosed until the Court employs a balancing test that properly assesses the public interest in the records at issue measured against the teachers' individual privacy rights.

## JURISDICTION

2. The jurisdiction of this Court is invoked, in part, pursuant to the Uniform Declaratory Judgments Act ("UDJA"), G.L. 1956 § 9-30-1 et seq., APRA, § 38-2-9, G.L. 1956 §§ 8-2-13 and 8-2-14.

## PARTIES

3. Plaintiff, National Education Association of Rhode Island ("NEARI") is a labor organization certified by the Rhode Island State Labor Relations Board to represent certified teachers in the State of Rhode Island for purposes of collective bargaining.

1

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

Case 1:24-cv-00310-MSM-LDA    Document 1-1    Filed 08/05/24    Page 5 of 33 PageID #: 30

4. Plaintiff, National Education Association – South Kingstown ("NEASK") is the local bargaining unit for certified teachers employed by the South Kingstown School Department. To the extent the local and the statewide organization are referred to collectively, they will be referred to as the "Union" or "NEA."

5. Defendant South Kingstown School Committee ("School Committee"), is sued by and through its members, Christie Fish, Kate McMahon Macinanti, Melissa Boyd, Michelle Brousseau and Paula Whitford.

6. Defendant South Kingstown School Department ("School Department") is sued by and through its Acting Interim Superintendent, Assistant Superintendent Ginamarie Masiello. The terms School Committee and School Department may be used interchangeably.

7. Defendant Nicole Solas ("Solas") is an individual who has submitted approximately two hundred (200) separate requests for records from the School Department.

8. Defendant John Doe Hartman ("Hartman") is in individual who has submitted approximately twenty (20) separate requests for records from the School Department.

9. Defendants Solas and Hartman are named and included only insofar as Plaintiffs are required to do so pursuant to G.L. 1956 § 9-30-11 which provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

## STATEMENT OF FACTS

10. Since 1975, the NEA has been certified as the exclusive representative for collective bargaining on behalf of South Kingstown's certified teachers.

11. Since 1975, NEARI has negotiated a series of collective bargaining agreements ("CBA") with the School Department that set forth the terms and conditions of employment for NEA members.

12. The relationship between NEA and the Defendant, School Committee is also governed by state law, specifically, the Certified School Teachers' Arbitration Act ("Michaelson Act"), G.L. 1956 § 28-9.3-1 et seq.

13. In or about April 2021, Defendant Solas, sent an e-mail to the Principal of a South Kingstown School with a list of questions and/or requests for records designed to gather information about, among other things, whether the school teaches critical race theory or otherwise includes it and other related concepts in its curriculum. Appendix A, *Solas E-Mail*.

14. The Principal recommended Solas file a request for public records pursuant to APRA concerning the information she was seeking. App. A.

2

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

15.   By June 2, 2021, Solas filed about two hundred (200) APRA requests, many of which contain multiple requests within the request.    Appendix B, *List of Pending APRA Requests.*

16.   At one point, the School Committee considered whether it should file a lawsuit to obtain relief from the excessive number of requests by Solas.

17.   Following the discussion of a possible challenge to Solas' APRA requests, Solas appeared on Fox News and on various websites, garnering national attention to her dispute with the School Committee concerning her requests, and her concerns regarding the critical race theory. Appendix C, *Internet Articles.*

18.   The requests made by Solas call for a vast variety of records. App. B.

19.   Following Solas' requests, the School Department received additional requests from other individuals and entities.  App. B.

20.   For example, there are a vast number of requests from another individual, Defendant John Doe Hartman.  App. B.

21.   From April 2021 to July 2021, the School Department received over three hundred (300) APRA requests.  App. B.

22.   The requests include, but are not limited to, requests for records that may relate to labor relations which do not constitute public records.  For example, on May 16, 2021, Solas submitted Request No. 48 which calls for "digital copies pertaining to the AFL-CIO in the last four months."  App. B, p. 1

23.   The "AFL-CIO" is an acronym for the American Federation of Labor and Congress Industrial Organizations.  It is a federation of unions that includes the NEA.

24.   Solas also submitted Request No. 100 which calls for "digital copies of public documents relating to Patrick Crowley in the months of March, April, and May 2021."  App. B, p. 1.

25.   Patrick Crowley is a NEARI employee and Rhode Island AFL-CIO official.

26.   The requests include, but are not limited to, requests for records that relate to teacher discipline and performance.

27.   For example, Request No. 158 submitted by Defendant Hartman calls for "all complaints against Robin Wildman.  App. B, p. 2.

28.   Wildman is a retired teacher and former member of NEA.

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

29.  Request No. 182 by Solas calls for "all disciplinary actions and relevant details taken against *any teacher* in the school district in the past three years. If actions or details are not public information, provide how many disciplinary actions are private *and against which teachers*." App. B, p. 2 (emphasis added).

30.  Request No. 202 by Solas calls for records related to a song performed by the South Kingstown High School choir and for records reflecting "what qualifications Ryan Muir [has] to talk about race and equality with choir students?" App. B, p. 2.

31.  Ryan Muir is a teacher and member of NEA.

32.  Request No. 241 submitted by Defendant Hartmann, requests records such as "CVs, contracts, job descriptions and all documents related to hiring of the first 50 teachers listed in the staff directory on the website of South Kingstown High School." App. B, p. 3.

33.  The requests include, but are not limited to, requests that call for teacher e-mails.

34.  The so-called "teacher e-mail requests" are, for the most part, not broken down by type or category of e-mail and without regard to whether the e-mails are private or public or contain personally identifiable information.

35.  For example, Request No. 164 calls for all e-mails between Linda Savastano (the former Superintendent) and Robin Wildman for a period of two years. App. B, p. 2.

36.  Request No. 85 submitted by Solas calls for "digital copies of emails of Michael Alper in March 2021." App. B, p. 1.

37.  Michael Alper is a teacher and member of NEA.

38.  Request No. 86 submitted by Solas calls for "digital copies of e-mails of Amber Lambert for the month of March." App. B, p. 1.

39.  Amber Lambert is a teacher and member of NEA.

40.  The requests include requests for e-mails of various administrators who are not members of NEA.

41.  For example, Request No. 47 by Solas calls for "digital copies of Linda Savastano's emails in the last six months." App. B, p. 1.

42.  Request No. 59 by Solas calls for "exactly one hour's worth of work to provide digital copies of Linda Savastano's most recent emails." App. B, p. 1.

43.  For example, Request No. 297 by Hartman calls for "all Savastano emails from May 17, 2021, to the date this request is fulfilled." App. B, p. 4.

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

44.  Linda Savastano is the former Superintendent of South Kingstown who recently resigned amidst controversy at least partially involving Solas.

45.  Based on the scope of the requests concerning Savastano's e-mails, upon information and belief, a response would call for communications between teachers who are NEA members and Savastano that are not public records or would otherwise not be subject to disclosure because disclosure would constitute a clearly unwarranted invasion of personal privacy.

46.  On or about July 13, 2021, the Defendant School Committee responded to one of the recent APRA requests by releasing a total of about 6,500 pages of documents.

47.  At this time, there remain many pending requests that are under consideration by the School Department as reflected by Appendix B.

**COUNT I**

**Declaratory Judgment**
**G.L. 1956 § 9-30-1**

48.  Plaintiffs hereby incorporate by reference Paragraphs 1 through 47 of the Verified Complaint as if fully set forth herein.

49.  The Rhode Island APRA was first enacted in 1979.

50.  Section 38-2-1 provides that the clear legislative purpose of APRA is *twofold* – (a) "to facilitate public access to public records," *but also to (b) "to protect from disclosure information about particular individuals maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of personal privacy.*" (emphasis added).

51.  Accordingly, pursuant to § 32-2-2, not all records kept by public bodies are considered public records subject to disclosure pursuant to APRA.

52.  For example, public records are only those that are "made or received pursuant to law or ordinance or in connection with the *transaction of official business* by any agency." § 38-2-2(4) (emphasis added).

53.  For example, although public bodies may keep many types of records, those that are kept incidental to other purposes which are not related to the transaction of official business are not public records.

54.  For example, personal e-mails of NEA members that are unofficial private writings not related to the official business of the School Department do not become public records just because they are kept or received by a public body.

55.  Although public policy typically weighs in favor of disclosure *when records are public*, these principals are not without legal limits.  The APRA system is not an alternative to the civil discovery process and is not to be used for abusive purposes or a fishing expedition – it

Case Number PC-2021-05246
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

Case 1:24-cv-00310-MSM-LDA     Document 1-1     Filed 08/05/24     Page 9 of 33 PageID #: 34

was not intended "to empower the press and the public with *carte blanche* to demand all records held by public agencies." <u>Direct Action for Rights and Equality v. Gannon</u>, 713 A.2d 218, 222 (R.I. 1998).

56. APRA excludes from public disclosure certain categories of documents.

57. For example, "[a]ny identifiable evaluations of public-school employees made pursuant to state or federal law or regulation" are not public records subject to disclosure under APRA. § 38-2-2(Z).

58. In addition, "Reports and statements of strategy or negotiation involving labor negotiations or collective bargaining," are not public records. § 38-2-2(H).

59. Furthermore, communications that constitute concerted activity pursuant to the State Labor Relations Act (G.L. 1956 § 28-7-1 <u>et seq</u>.) and the Michaelson Act are not public records, including communications among bargaining unit members concerning labor relations matters or communications between bargaining unit members and union officials concerning labor relations matters.

60. In addition, "[p]ersonnel <u>and other personal identifiable records</u> otherwise deemed confidential by federal or state law or regulation, or the disclosure of which would constitute a clearly unwarranted invasion of privacy pursuant to 5 U.S.C. § 552 <u>et seq</u>.;" are not public records subject to disclosure under APRA. § 38-2-2(4)(A)(I)(b) (emphasis added).

61. When a record contains personal identifiable information that may constitute a clearly unwarranted invasion of privacy, a balancing test must be conducted that considers the public interest in the record at issue, weighed against the privacy interests implicated by disclosure of the report. <u>See</u>, e.g., <u>Department of the Air Force v. Rose</u>, 425 U.S. 352, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11, 21 (1976); <u>Lyssikatos v. Narragansett Police Department</u>, Public Record Case No. 21-12 (R.I. Department of the Attorney General, April 15, 2021); <u>Lyssikatos v. Goncalves</u>, PC 2017-3678 (Long, J., 3/18/19).

62. The School Department is not required to produce thousands of documents, or to produce thousands of documents in redacted form, absent this Court conducting a balancing test considering the requests that implicate § 38-2-2(4)(A)(I)(b).

63. Redaction of records is not always sufficient to safeguard privacy concerns.

64. Upon information and belief, the School Committee is in the process of gathering and reviewing documents to respond to the requests pending in Appendix B.

65. It is anticipated that teacher records will be produced that will be of a personal nature and will contain the identities of the teachers engaged in the personal communication as well as other communications that relate to personnel issues, disciplinary issues, performance issues, medical issues and issues not related to the official business of the School Department.

66. It is further anticipated that teacher records will be produced that may or will contain discussions about union-related activities which are not public records subject to disclosure.

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

67.  It is further anticipated that teacher e-mails will be produced that may or will contain discussions about critical race theory curriculum or other issues of "interest" to the requestors that will contain individual teachers' names and personally identifiable information.

70.  Given the circumstances of the requests, it is likely that any teachers who are identifiable and have engaged in discussions about things like critical race theory will then be the subject of teacher harassment by national conservative groups opposed to critical race theory.

WHEREFORE, the Plaintiffs respectfully pray that this Honorable Court:

A.    For certain categories of documents which are not public records under APRA, enter declaratory judgment that the requested records are not subject to disclosure.  This category should include, but may not be limited to, personal e-mails, labor relations materials, personnel records, disciplinary records, evaluations and other records that are incidental and do not concern the official business of the School Department.

B.    For certain categories of documents which are potentially public records under APRA, examine the records in camera pursuant to § 38-2-9(b) and conduct the balancing test contemplated in § 38-2-2(A)(I)(b) to determine whether the disclosure of such records would constitute a clearly unwarranted invasion of privacy and thus, shall not be disclosed.

C.    In the alternative, should certain records be subject to disclosure, to order redaction of personally identifiable information of teachers and/or other information which may lead to the identity of such teachers contained in the documents.

D.    Grant the Plaintiffs such other relief as this court deems just and proper.

## COUNT II

### Injunctive Relief

71.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 70 of the Verified Complaint as if fully set forth herein.

WHEREFORE, the Plaintiffs respectfully pray that this Honorable Court:

A.    Temporarily, preliminarily and permanently restrain the School Department Defendants from providing responses to any of the pending requests referenced in Appendix B and this Verified Complaint until a determination can by made by this Court that the School Department is required to produce such documents.

B. Temporarily, preliminarily and permanently restrain the School Department Defendants from providing responses to any of the pending requests referenced in Appendix B and this Verified Complaint until this Court conducts an appropriate in camera review pursuant to § 38-2-9(b).

C.    Grant the Plaintiffs such other relief as this court deems just and proper.

Case Number: PC-2021-05116
Filed in Providence/Bristol County Superior Court
Submitted: 8/2/2021 2:59 PM
Envelope: 3219229
Reviewer: Victoria H

Case 1:24-cv-00310-MSM-LDA    Document 1-1    Filed 08/05/24    Page 11 of 33 PageID #: 36

Plaintiffs,
NEARI
NEA-SK
By their Attorney,

/s/ Carly Beauvais Iafrate

_____
Carly Beauvais Iafrate, #6343
Law Office of Carly B. Iafrate, PC
38 N. Court St., 3rd Fl.
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)
ciafrate@verizon.net

## VERIFICATION

I, Jennifer Azevedo, Esq., Deputy Executive Director of the National Education Association Rhode Island, under oath depose and say that I am familiar with the allegations of the Complaint and the factual matters contained therein and to the best of my knowledge and belief same are true.

_____
Jennifer Azevedo

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this ___ day of August 2021.

_____
Notary Public

My comm exp 5/18/24

8

# APPENDIX A

| | |
|---|---|
| | <CAKCxrESb5PgR4FDjbnSy50q3UL2=gF_ns8eGgs2znonfcUGaXw@mail.gmail.com> <br><br> <CA+fJVvc2ooKoH8VFyeUVRHCygxFMZ+Q1wWu5W2TgGd_ssw3wqw@mail.gmail.com> <br> <CA+fJVvd=YRkZbPi245uCr6w1aALxWSZ2BNz7kKKa_MCGNSG5gQ@mail.gmail.com> |
| In-Reply-To: | <CA+fJVvd=YRkZbPi245uCr6w1aALxWSZ2BNz7kKKa_MCGNSG5gQ@mail.gmail.com> |
| Message-ID: | <CAKCxrETJC9rjAqhOV2iWUiGSNqQEpd2L08XnguSdV84gVf+P8w@mail.gmail.com> |
| Content-Type: | multipart/alternative; boundary="0000000000003abf8a05c0fcac59" |
| X-Gm-Spam: | 0 |
| X-Gm-Phishy: | 0 |
| X-Gaggle-Item-Source: | GOOGLE_GMAIL_ARCHIVE |

```
---------- Forwarded message ---------
From: Nicole Solas
Date: Tue, Apr 27, 2021 at 4:53 PM
Subject: Re: Wakefield Elementary School Curriculum, Policies, and
Information Request
To: Coleen Smith


And formal record requests do not provide answers to many of my
questions.
Your response is a dishonest stonewalling.

If this is what the next five years of communication will be
like that is
very unfortunate.

On Tue, Apr 27, 2021, 4:41 PM Nicole Solas wrote:

> Can you just give me the curriculum for Kindergarten then.
>
> On Tue, Apr 27, 2021, 4:33 PM Coleen Smith wrote:
>
>> Hi Nicole
>> Thank you for your email. With the scope of your request for
information
>> on our district, I recommend that you use the link below to
submit our
>> request for this information. It will bring you to the page
on our district
```

>> website with directions and details.
>>
https://www.skschools.net/resources/communications/public_record
s
>> Best
>> Coleen
>>
>> On Sun, Apr 25, 2021 at 2:09 PM Nicole Solas
>> wrote:
>>
>>> Coleen,
>>>
>>> I request the following:
>>>
>>> 1. All curriculum for all grades at Wakefield Elementary
School.
>>>
>>> 2. Titles and authors of all books in all classrooms and the
library
>>> that promote antiracism, race relations, any political
topics relating to
>>> Black Lives Matters and President Trump, gender theory,
transgenderism, and
>>> all topics of sexuality, sexual orientation, and sexual
education.
>>>
>>> 3. Disclosure of all policies, official and unofficial,
written and
>>> unwritten, relating to antiracism, critical race theory,
gender theory,
>>> sexual education, and any political topic.
>>>
>>> 4. Disclosure of all common practices relating to
antiracism, critical
>>> race theory, gender theory, sexual education, and any
political topic.
>>>
>>> 5. Disclosure of all professional development trainings,
relating to
>>> gender theory, transgenderism, antiracism, critical race
theory, and
>>> political topics. Please provide the exact or approximate
dates of these
>>> trainings.
>>>
>>> 6. Disclosure of whether you keep official or unofficial

school records
>>> relating to children's sexuality, sexual orientation, or sexual education.
>>>
>>> 7. Disclosure of all past and present lesson plans that incorporate or
>>> promote the ideologies of antiracism, gender theory, transgenderism, and
>>> critical race theory.
>>>
>>> 8. On the phone you stated that students build upon a line of thinking
>>> about history and I need clarity on what exactly this line of thinking is.
>>> You stated that Kindergartners are asked "what could have been done
>>> differently" on the first Thanksgiving. What education objective does this
>>> lesson achieve? What education source supports this objective?
>>>
>>> 9. On the phone you stated that it is common practice to refrain from or
>>> be mindful of using gendered terminology, including calling the students
>>> "boys" and "girls." Please cite the education source supporting this
>>> practice.
>>>
>>> 10. On the phone you stated that children would not be grouped according
>>> to who has "pigtails" because pigtails is considered gendered terminology.
>>> Please cite the education source supporting your assertion that the word
>>> "pigtails" is gendered terminology.
>>>
>>> 11. Disclosure of all special guests who have promoted or spoken about
>>> antiracism, gender theory, antiracism, race relations, race in general, and
>>> any political topic. This includes but is not limited to a drag queen
>>> reading to children, a transgender person reading a book to children about
>>> sexuality or gender or simply speaking to students about

those topics, a
>>> political activist meeting with a teacher or administrative
personnel, and
>>> any politically affiliated guest hosted or invited by the
school.
>>>
>>> 12. All education sources supporting lessons and curriculum
relating to
>>> antiracism, gender theory, transgenderism, race relations,
and sexual
>>> education.
>>>
>>> 13. Please define the following terms, which I presume are
embedded into
>>> the Wakefield Elementary School Curriculum:
>>>
>>> Equity
>>> Culturally Responsive Teaching
>>> Affinity Groups
>>> Implicit bias
>>> Inclusion
>>> Oppressor
>>> Colonialism
>>> Diversity (specifically, is a balanced diversity of
viewpoint implicit
>>> in all curriculum?)
>>>
>>> You stated on the phone that you will respond in the first
week of May
>>> after testing is complete. Please feel free to respond as
you acquire
>>> information instead of waiting to respond comprehensively. I
anticipate
>>> providing curriculum information should be easy since it's
likely to be
>>> fully developed, approved, and accessible to principals. I
look forward to
>>> your response.
>>>
>>> Nicole Solas
>>>
>>>
>>
>> --
>> Coleen P. Smith
>> Principal

```
>> Wakefield Elementary School
>> SKIP preschool-grade 4
>> 401-360-1207
>> SKSD Support Email is sksdsupport@sksd-ri.net or call 401-
360-1303.Use
>> this Support Desk for ANY questions.
>> For the Virtual student's laptop repair, *beginning 10/26*
>> *Tuesday Thursday only 7:30-11:30 AM*. In an emergency,
please call
>> 401-360-1303 to set up an appointment.
>>
>> Confidentiality Notice: This email, including all
attachments, is for the
>> sole use of the intended recipient(s) and may contain
confidential and
>> privileged information. Any unauthorized review, use,
disclosure or
>> distribution is prohibited. If you are not the intended
recipient, please
>> contact me and destroy all copies of this message.
>
> --
Coleen P. Smith
Principal
Wakefield Elementary School
SKIP preschool-grade 4
401-360-1207
SKSD Support Email is sksdsupport@sksd-ri.net or call 401-360-
1303.Use
this Support Desk for ANY questions.
For the Virtual student's laptop repair, *beginning 10/26*
*Tuesday Thursday only 7:30-11:30 AM*. In an emergency, please
call
401-360-1303 to set up an appointment.
```

# APPENDIX B



| APRA form # | DateofRequest | Requester_LN | TextofRequest | Date billed: | Date Payment Received: | was an extension requested: | Response_Due_Date | Date_Responded |
|---|---|---|---|---|---|---|---|---|
| 47 | 5/14/2021 | SOLAS | Digital copies of Linda Savastano's emails in the last six months. | 5/21/2021 | 7/8/2021 ck 2186 | | | 5/28/2021 |

| | | | |
|---|---|---|---|
| 140 | 5/27/2021 SOLAS | RFP for implicit bias training | 6/11/2021 |
| 145 | 5/27/2021 SOLAS | All documents related to the hiring of school committee attorneys. | 6/11/2021 |
| 151 | 5/27/2021 SOLAS | All documents related to the hiring of Ghianasie Masiello; all performance reviews. | 6/11/2021 |
| 152 | 5/27/2021 SOLAS | CV of Coleen Smith; all documents related to her hiring; job performance reviews. | 6/11/2021 |
| 157 | 5/27/2021 SOLAS | All complaints against Linda Savastano. | 5/11/2021 |
| 158 | 5/27/2021 SOLAS | All complaints against Robin Wildman. | 5/13/2021 |
| 168 | 5/28/2021 SOLAS | All reports of violations of the Americans with Disabilities Act in the past ten years. | 6/11/2021 |
| 172 | 5/28/2021 SOLAS | Details of implicit bias training/Kingian nonviolence training described in PO #21000244 for $4,999.00 including location of training, length of training, materials of training, and any certifications awarded. | 6/14/2021 |
| 175 | 5/28/2021 SOLAS | Data on reading levels of students in South Kingstown School District in the past three years. Which students are reading at grade level? | 6/14/2021 |
| 188 | 5/28/2021 SOLAS | Hours worked by all physical education teachers during Covid restrictions when they were teaching physical education via zoom; coursework of physical education by all physical education teachers when they taught on zoom during covid restrictions. Did they receive the same salary for teaching physical education on zoom? | 6/14/2021 |
| 202 | 5/28/2021 SOLAS | Name of song performed by SKHS choir with lyrics, "I watched from my window as they gunned down an unarmed man." This performance was posted on SKSD facebook page on May 25. What qualifications does Ryan Muir have to talk about race and equality with choir students? | 6/14/2021 |
| 204 | 5/28/2021 SOLAS | Lesson plans of Ryan Muir where he talked about race and equality with choir students; lesson plan approval process. | 6/14/2021 |



| 206 | 5/28/2021 | SOLAS | CV of Director of Guidance at SKHS, Barbara Crudale; salary, contract, all documents related to her hiring. | | 6/16/2021 |
| 232 | 5/29/2021 | HARTMAN | azhartman@ | All lesson plans in which the concept of "Whiteness" as a social construct is discussed, at all grade levels. | 6/17/2021 | 7/19/2021 6/17/2021 |
| 255 | 5/29/2021 | HARTMAN | Azhartman@2020 | Names of all individuals who submitted public records requests via APRA since September 1, | 6/17/2021 | 6/14/2021 |

| 271 | 6/9/0201 | Coogan | I am requesting the following information on June 9, 2021: Digital copies of meeting minutes or other documents approving the hiring of PR firm which produced defamatory statement read on 6/2/21 school committee meeting; RFP for PR firm; email communications of Henneous, Carroll, Lombardo, Superintendent Savastano, or any school committee member discussing matters relating to Nicole Solas and her APRA requests or preparation of the defamatory statement; Digital copy of trust or other source from which legal fees and settlements may be paid in relation to litigation involving South Kingstown school committee, school, department, and/or Town of South Kingstown. | 7/22/2021 6/24/2021 6/23/2021 |



| 250 | 6/26/2021 | Hardman | All public information on West Kingston Parent Book Club | 7/1/2021 |
| 296 | 6/27/2021 | Hardman | All docs and emails with NE Basecamp and any individual associated with NE Basecamp. | 7/12/2021 |
| 301 | 7/1/2021 | Goldwater Institute-Riche | Request is linked here. 1. Lesson plans or curriculum... #1 & #3 | 7/27/2021 $120.00 =payment for requests | 7/16/2021 |
| email | 7/23/2021 | three-day-email-deadline between January 1st, 2021 and April 9th, 2021. Please provide me with any and all texts, documents, and/or emails between Uncle Savatiano and ANYBODY regarding the topic of redistricting | | 7/15/2021 8/12/2021 7/19/2021 |



305  7/14/2021 |APRATE        1 - A copy of all pending APRA requests as   7/14/2021   7/29/2021        7/28/2021
                             of today, July 14, 2021; 2 – A list of all      30:00
                             pending APRA requests with the following
                             information: (a) the date of the request; (b)
                             the name of the person/entity making the
                             request; (c) the substance of the request
                             (what document(s) are being requested). 3 –
                             A copy of any and all responses by the SK
                             School Department (including documents
                             produced) to any APRA requests in the last
                             seven (7) days.

                             Please provide me with all email
                             correspondence related to the
                             subcommittee established by the
                             School Building Committee on March
                             11 regarding the RFQ of the
                             architectural firms involving any and all
                             of the following Emily Cummisky,
                             Raquel Pellerin, Kate Macinanti, the
                             Superintendent, former Town Manager
email        7/14/2021  <threeboysandtoodens Zarnetske, Zack Saul, and Abel Collins.                     7/28/2021

Case 1:24-cv-00310-MSM-LDA     Document 1-1     Filed 08/05/24     Page 22 of 33 PageID #: 47

8/1/2021          I'm A Mom Seeking Records Of Critical Race and Gender Curriculum Now The School Committee May Sue To Stop Me (Update)



*requests to get answers to my questions which the School District would not answer.*

## APPENDIX C

Posted by **Nicole Solas**     Tuesday, June 1, 2021 at 09:00am · **121 Comments**



I am a mother in the **South Kingstown** School District in Rhode Island investigating through public records requests how critical race and gender theories are integrated into lessons, school policies, and contracts. Now the School Committee is considering suing me to stop me.

My child is enrolled in kindergarten and I became concerned that Critical Race Theory (CRT) and gender theory were integrated into lessons when an elementary school principal told me that teachers don't refer to students as

answers. The more questions I asked, the less answers I received.

Then I asked for a tour of the elementary school and the Superintendent offered me an in-person or virtual tour, but never responded with a date and time despite my numerous follow-up emails and phone calls. After almost a month of radio silence the Superintendent then told me that now they were not offering tours due to Covid restrictions. Yet the Superintendent offered **tours** of other schools to campaign for a school bond.

I also asked to see the elementary school curriculum. I asked the principal, the school committee, the superintendent, the director of curriculum, and even the legal department at the Rhode Island Department of Education to allow me to view the curriculum. The school's Director of Curriculum told me she was unavailable and never responded when I said I could view the curriculum on any day and time. Then a school committee member directed me to file an Access to Public Records Act (APRA) request on the **school district website** to obtain the curriculum. After thirty days, I received an incomplete curriculum and filed an APRA complaint with the Attorney General.

By contrast, curriculum for two charters schools in South Kingstown (**Kingston Hill Academy** and **The Compass School)** is available on their



documents that might answer my questions about CRT, gender theory, and other concerns. When I requested the emails of a school committee member the estimate of what they would charge me came back as $9,570. Who can afford that?

Under **the APRA**, "a reasonable charge may be made for the search or retrieval of documents. Hourly costs for a search and retrieval shall not exceed fifteen dollars ($15.00) per hour and no costs shall be charged for the first hour of a search or retrieval." Additionally, each copy costs 15 cents.

I amended my request to narrow the scope of requested emails to six months and requested digital copies instead of hard copies. That $9,570 estimate dropped to $79.50. I quickly realized that if I structured many specific and narrow requests, I could afford to purchase the public information which was otherwise inaccessible to me due to the non-responsiveness of my school leadership. I felt like I had cracked the code to this mystery of inaccessible information.

These initial high estimates of public records requests are common barriers to parents obtaining information about their children's school district. A parent in another Rhode Island school district received an estimate of $17,295.75 to obtain public information related to the cost of an athletic field. Access to public information is not cheap. Or equitable.



APRA requests were not problematic if they were the subject of sarcasm from a school committee member.

No one in the school department ever told me it was a problem while I was in constant contact with them to request and purchase information. I purchased over $300 worth of public information and shared it to a private Facebook group to raise awareness about indoctrination in Rhode Island schools. I developed a growing network of likeminded teachers, parents, and community members who gave me information about CRT and gender theory infiltrating Rhode Island school districts.

Then, on Friday, May 28, the school committee set an **agenda item** for a public meeting to discuss **"filing litigation against Nicole Solas to challenge the filing of over 160 APRA requests."**

My school committee now is considering suing me because I submitted a lot of public records requests to get answers to my questions which the School District would not answer. This same school committee which told me to use a statutorily prescribed process to obtain one piece of information (curriculum) is now having a **public meeting** to discuss suing me for using the same statutorily prescribed process to obtain other information. The message was clear: ask too many questions about your child's education and we will come after you.



The most puzzling part of this shameful abuse of government power is that numerous attorneys with whom I've consulted cannot figure out the basis of a claim against me.  There is no limit to submitting public record requests. Further, the APRA statute contemplates multiple requests made in a 30-day period for the purpose of cost.**It states**: "[M]ultiple requests from any person or entity to the same public body within a thirty (30) day time period shall be considered one request." Accordingly, I did not submit 160 requests – I submitted ONE.

I suspect the South Kingstown School Department is displeased that a parent has found a way to legally compel responses to difficult questions surrounding CRT and gender theory in public school. I suspect they are also displeased about my criticism of the **antiracism policy**and **appointment and hiring policy**, both of which are under review and breathtakingly racist.

The Access to Public Records Act **prohibits**a government body from compelling a citizen to justify or explain her requests for public information. But, here I am attending my first in-person school committee meeting where my own name is one of two agenda items in open session. Here I am feeling immense pressure to explain and justify my public information requests to this shameful government body on pains of potential litigation against me. A school committee scheduling a public meeting to discuss"**filing lawsuit against Nicole Solas to challenge filing of over 160 APRA requests"** is nothing short of an attempt to deprive me of my civil rights to obtain public information about my child's school.

I can think of a dozen better ways my APRA requests could have been addressed. The Superintendent could have hired a temporary assistant for $12 an hour to retrieve documents. If the school department is concerned about this extra cost of fulfilling my public record requests, it should use its



vilify a mother.

Although I am shocked that a government body would use the threat of litigation to publicly bully, harass, and intimidate a mother who was advocating for her child's education, I am not afraid. And I will not stop asking questions.

This shameful retaliation against a parent who demand transparency from public schools will not be tolerated. Every parent needs to keep asking questions. Every parent needs to submit more public records requests when they do not receive answers to their questions from school leaders. Hold your elected representatives accountable and do not allow them to prevent you from protecting and advocating for your children.

If the school system starts to bully you because you are asking too many questions, then you're winning. Don't give up.

## UPDATE
**(ADDED 6/2/2021 BY LI STAFF)**



School Threatens to Sue Mom Who Sought Critical Race C...



"I can certainly understand the difficulties facing a municipal body when confronted with such a huge number of APRA requests in a short period of time," said Brown "However, I am also hopeful that, upon consideration, the school committee will recognize that suing a resident for this activity is not an appropriate response."

**(ADDED JUNE 3 BY LI STAFF)**

## South Kingstown (RI) School Committee Votes NOT To Sue Mom Nicole Solas Who Sought CRT Records

**Share This Story**    Facebook    Twitter    Parler    Gab    MeWe

Reddit    Email    ✚



DONATE

Donations tax deductible
to the full extent allowed by law.



Case 1:24-cv-00310-MSM-LDA    Document 1-1    Filed 08/05/24    Page 29 of 33 PageID #: 54

8/2/2021          Mom Says School Board Threatened to Sue Her for Seeking Public Information on Critical Race Theory in Curriculum | The Michigan Star





HOME | ABOUT | NEWS | COMMENTARY | STAR NEWS NETWORK | CONTACT | EDUCATION FOUNDATION

## Mom Says School Board Threatened to Sue Her for Seeking Public Information on Critical Race Theory in Curriculum

📅 July 12, 2021    👤 Michigan Star Staff









by Virginia Allen

Nicole Solas was surprised to find her name listed on the meeting agenda of her local school board, especially since it said the board was considering taking legal action against her in response to her many requests for public records.

The Rhode Island mother of two began filing records requests with the South Kingstown School District several months ago, when she learned that teachers were incorporating critical race theory and gender ideology in the curriculum.

But she didn't expect the school board to talk about suing her.

"I was shocked," Solas, 37, told *The Daily Signal* in a recent phone interview. The school board, she said, "did not tell me that [the requests were] a problem."



Case 1:24-cv-00310-MSM-LDA     Document 1-1     Filed 08/05/24     Page 30 of 33 PageID #: 55

8/2/2021          Mom Says School Board Threatened to Sue Her for Seeking Public Information on Critical Race Theory in Curriculum | The Michigan Star

The South Kingstown School District, about 30 miles south of Providence, Rhode Island, listed "[f]iling lawsuit against Nicole Solas to challenge filing of over 160 APRA requests" on the school board's June 2 agenda.

The school board took a portion of the meeting to discuss Solas's many requests under Rhode Island's Access to Public Records Act. Solas' requests focus on gaining information about what the school system teaches students relating to critical race theory and gender ideology.

"More than 200 APRA requests have been filed by a single individual in just the last few weeks alone," Emily Cummiskey, board chairwoman at the time, said June 2 in a formal statement.

Cummiskey added that fulfilling Solas's requests would take "more than 300 hours of our district's time" and distract from "efforts to make our schools more equitable, inclusive, and empowering by eradicating any harmful practices or prejudices through equity and anti-racism teachings."

Four days after *The Daily Signal* inquired about Solas's concerns, the school district's superintendent stepped down June 28 without answering the request for comment.

Critical race theory, which has become a major concern of parents in school systems across the nation, incorporates Marxist theories of oppressor versus oppressed. It "ultimately defines all history and human interactions as a perpetual racial conflict," as *The Daily Signal*'s Jarrett Stepman has written.

Solas enrolled her oldest child in kindergarten in the South Kingstown School District in March. She then called the principal of the elementary school to schedule a tour and ask a few questions about the curriculum before her daughter begins school in the fall.

At the end of the call, Solas asked the principal whether the school, whose name Solas wishes to keep private, taught anything related to critical race theory or gender identity.

She said she was told that concepts related to critical race theory and gender ideology are integrated into lessons.

Teachers "don't call the children boys or girls," Solas said the principal told her. "They refrain from using gender terminology."

Solas said the principal called it a "common practice" for teachers to use gender-neutral terminology. But when she pressed the principal on where this "common practice" came from, Solas said, the principal told her that she did not know.

Solas also learned that a South Kingstown kindergarten teacher "asks 5-year-olds 'what could have been done differently on the first Thanksgiving' in order to build upon a 'line of thinking about history,'" the mother wrote in a recent article for Legal Insurrection.

Solas told the elementary school principal that she would email her a list of questions because she wasn't receiving the answers she was looking for over the phone.

After she emailed the principal, school leadership asked Solas to submit requests for public records to gain the answers.

She began submitting those requests, and the school district was in "constant contact" with her about costs and other aspects, Solas told *The Daily Signal*.

"They would respond either with an estimate, [or] sometimes they would give me documents for free," she said.





LANSING

# 51°

clear sky
95% humidity
wind: 0m/s N
H 54 • L 48

73°   76°   79°   79°
MON   TUE   WED   THU



## The Michigan Star

Sign up to The Michigan Star Daily for updates, breaking news, and special offers

* indicates required

Email Address *

First Name *

Last Name

The school district "may charge a fee of fifteen cents ($.15) per page for copies and/or fifteen dollars ($15.00) per hour, after the first hour, for search and/or retrieval of documents," according to the South Kingstown Public Schools website.

But she wasn't notified about an issue with the number of requests until she learned that the school board, formally called the South Kingstown School Committee, was considering taking the legal action against her, Solas said.

"You told me to submit public record requests to answer my questions," Solas told school board members, according to a recording of the June 2 meeting. "I did what you told me, and now you are holding a public meeting to discuss suing me for doing what you told me to do. This meeting was meant to publicly humiliate me, and it didn't work."

The school board meeting "felt like my show trial," Solas told *The Daily Signal.*

During the meeting, her requests for public records were displayed on a large screen and categorized by type, she said.

"It felt like they were examining exhibits to enter into evidence against me," she said.

The school board ultimately voted unanimously not to file a lawsuit against Solas, agreeing to seek mediation first.

Cummiskey stepped down six days later as chairwoman of the South Kingstown School Committee before announcing her resignation from the board entirely during a meeting June 22.

In an impassioned speech, Cummiskey said she hopes all the people of South Kingstown "realize the damage that's being done every single day that you all choose not to try to come together."

"We are in a dangerous place ... and if everybody does not take a deep, freaking breath, we are going to be in real trouble," she said.

Sign me up!

## Trending

Michigan's New Diversity and Inclusion Director Receives $130,800 Salary

Wisconsin Assembly Speaker Vos Expands Election Probe

Michigan Gov. Whitmer Signs Driver's License Extensions into Law

Former Michigan Senator Carl Levin Dead at 87

Detroit, Michigan Voters to Decide on Left-Wing 'Proposal P' on Tuesday

Arizona Senate President Karen Fann and Audit Liaison Ken Bennett Confirm Bennett Will Remain as Senate Liaison, Pledge Bennett Will Have 'Full Access'

Michigan Gov.

Twitter Suspends

Case 1:24-cv-00310-MSM-LDA    Document 1-1    Filed 08/05/24    Page 32 of 33 PageID #: 57

8/2/2021                Mom Says School Board Threatened to Sue Her for Seeking Public Information on Critical Race Theory in Curriculum | The Michigan Star

| Whitmer Pitches $100 Million for Affordable Housing | Accounts Documenting Arizona Audit |

## Story Calendar

**JULY 2021**

| S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|
|   |   |   |   | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

« Jun  Aug »

Christie Fish, who was vice chairwoman of the board, resigned from that position following the June 2 meeting, but remains a board member.

Neither the South Kingstown school board, nor the school district's superintendent, Linda Savastano, responded to *The Daily Signal*'s email request June 24 for comment on specific issues raised by Solas.

Without specifying reasons, Savastano announced her resignation as superintendent June 28, four days after *The Daily Signal*'s inquiry. In a written statement, she said in part: "I know that this is the best decision for all involved."

The school board unanimously approved a "separation agreement" with the superintendent after just under two years, reported *The Independent*, a local newspaper.

Earlier in June, Solas said she paid the school system $300 for different pieces of information, including the emails of a school board member. She said she has received only a portion of the information requested, but what the school sent is useless.

"I received completely redacted emails," Solas told *The Daily Signal* in an email Friday. "Everything is blacked out except for some spam and advertisements. The school even redacted the dates of emails so it is impossible for me to know whether these emails are from the time period I requested."

After the June 2 meeting, the school board got in touch with her attorney and "asked me to send them a prioritized list of which [documents covered by the Access to Public Records Act] I wanted first," Solas told *The Daily Signal* in an email June 24.

"In an effort to be reasonable," she said, "I asked them to instead send me a prioritized list of APRAs with deadlines they can manage."

The school board responded by asking for a 60-day extension on responding to her outstanding requests for records, Solas said. She rejected the offer, she said, because she considered it "not an offer at all."

The school board "defamed me in a public meeting on June 2 and then later demanded I wait an extra 60 days for them to respond to my APRA requests," Solas told *The Daily Signal*, adding:

> They made no offer to waive any fees associated with [my] purchasing the information 60 days late, and they gave me no prioritized list of APRAs. There was nothing in this offer for me after they treated me so deplorably.
>
> This is an offer of noncompliance, and it was so unreasonable that I said I was not interested in further negotiation of my civil right to access public information after

*such deplorable treatment.*

In early July, Solas said, she paid for another $600 worth of information after receiving a $1,000 donation from an anonymous source.

Parents should get involved and find out what is being taught to their children, Solas said, because the "risk of retaliation is worth your kids."

"The people who work at schools are just ordinary people like us, and we should not have to be afraid of them," she said.

– – –

*Virginia Allen is a news producer for The Daily Signal. She is the co-host of The Daily Signal Podcast and Problematic Women. Send an email to Virginia.*

Appeared at and reprinted from DailySignal.com

🗁 National, News    🏷 Board of Education, children, critical race theory, CRT, education, local school board, mediation, meeting, National, parental concerns, School, School Choice, school committee, School District, speech, students, Superintendent, trial, voting

« Commentary: Biden's Domestic Terrorism Strategy Has Roots in Clinton Years

ICE Won't Detain Most Migrant Women Who Are New or Expecting Mothers for Deportation: Report »

## Related posts



**Study: Democrats' Capital Gains Tax Hike Could Cost More Than 745,000 Jobs**

**Commentary: The Elites' Abuse of Average Americans**

**University Refuses to Rehire Math Professor Who Criticized Slavery Reparations**

**COMMENTS**

