**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NICOLE SOLAS<br>*Plaintiff,*<br>vs.<br>TOWN OF SOUTH KINGSTOWN,<br>SOUTH KINGSTOWN SCHOOL DEPARTMENT,<br>SOUTH KINGSTOWN SCHOOL COMMITTEE,<br>SARAH MARKEY and EMILY CUMMISKEY<br>*Defendants* | C.A. No. 1:24-cv-00310-MSM-LDA |

# DEFENDANTS' MOTION TO DISMISS

## I. FACTS[1]

Plaintiff, Nicole Solas (hereinafter "Plaintiff" or "Solas"), is a resident of South Kingstown, who, she alleges, has a school-aged child. *See,* Complaint, Doc. 1, at ¶¶ 4, 11. Defendant, the South Kingstown School Committee (hereinafter the "School Committee"), is the governing body charged with the entire care, control, and management of all public schools located in the Town of South Kingstown. R.I. Gen. Laws § 16-2-9. Sarah Markey and Emily Cummiskey are two former members of the South Kingstown School Committee. Although not named as a party in the instant matter, the National Education Association South Kingstown (hereinafter "NEASK"), a chapter of the National Education Association of Rhode Island (hereinafter "NEARI") (collectively the

[1] Both Plaintiff and Defendants have offered as exhibits pleadings filed in Rhode Island Superior Court. These pleadings, of which this Court may take judicial notice, also contain additional facts supporting dismissal of the instant Complaint, without converting this Motion to one for Summary Judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Armstrong v. Kilmartin, 2017 U.S. Dist. LEXIS 75169, *10 (May 17, 2017).

"Union"), is the collective bargaining agent for all certified employees of the South Kingstown School District (hereinafter "the District"). Complaint, Doc. 1 at ¶ 25.

On April 25, 2021, Plaintiff emailed Coleen P. Smith, Principal of Wakefield Elementary School, requesting documents and/or information related to thirteen (13) enumerated topics. The requests ranged from the curricula for each grade at the school, to "disclosure of whether [the school] keep[s] official or unofficial school records relating to children's sexuality, sexual orientation, or sexual education," and

> Disclosure of all special guests who have promoted or spoken about antiracism, gender theory, antiracism *[sic]*, race relations, race in general, and any political topic. This includes but is not limited to a drag queen reading to children, a transgender person reading a book to children about sexuality or gender or simply speaking to students about those topics, a political activist meeting with a teacher or administrative personnel, and any politically affiliated guest hosted or invited to the school.

Plaintiff's Complaint, Doc. 1 at Exhibit A, Doc. 1-1at 12-16.

In response, Smith suggested that because of the scope of the request, Plaintiff should file a request for public records pursuant to the Rhode Island Access to Public Records Act, R.I. Gen. Laws § 38-2-1, *et seq.,*(hereinafter "APRA"). Doc 1-1, pg. 12. *See* Decision, National Education Association of Rhode Island v. South Kingstown School Committee*,* et al., C.A. No. PC-2021-5116, 2022 WL 2183109, * 1 (R.I. Super. Jun. 9, 2022), Exh. A-3.[2] Within the next few weeks, Plaintiff filed roughly two hundred (200) APRA requests with the South Kingstown School District. Id. Plaintiff's APRA requests encompassed a variety of topics, including but not limited to labor relations and labor officials, "teacher discipline and performance," "teacher e-mails," and "e-mails of various administrators who are not members of [NEARI or NEASK]." Id.

[2] The Exhibits to this Motion to Dismiss, all pleadings filed in the Superior Court, are grouped chronologically by case number.

The School Committee struggled with the barrage of document requests, and considered filing a Declaratory Judgment action requesting relief and guidance from the Superior Court. This debate, which was nothing more than a weighing of legal options, garnered local and national media attention, and resulted in other individuals filing APRA requests with the School District. Id. Between April and July of 2021, the District received approximately three hundred (300) APRA requests. Id.

In an email dated July 13, 2021, legal counsel for the Union inquired as to whether any of Plaintiff's requests implicated the privacy rights of any of its members. As stated by counsel, the Union contemplated seeking judicial relief to prevent the School Committee from responding to certain APRA requests that might concern its members and seeking information about the requests themselves. Id. The District responded that the Union would be required to file its own APRA request to obtain the list of outstanding APRA requests and responses. Complaint, Doc. 1 ¶ 119; Decision, Exh. A-3 at *1-2.

The critical date for purposes of this Motion is June 2, 2021, date of the public hearing discussing Solas' requests, the Union inquiries, and legal options available to the School Committee.[3] At that hearing, many voices were heard, including Solas, who, although she refused to identify herself, spoke about her actions. Other citizens expressed concerns over Solas's actions. During the meeting, when commenters attempted to ask Solas questions directly, or to address themselves directly to her, they were stopped by School Committee members. Members also expressed concern for their own safety during this meeting. The School Committee voted

[3] That agenda is available for public viewing at clerkshq.com/southkingstownschools-ri?docid=AGENDA, and the video of the meeting can be found at https://www.youtube.com/@SouthKingstownSchoolComm-ql4ji/streams.

unanimously not to bring a declaratory judgment action against Solas regarding her APRA requests.

On August 2, 2021, the Union filed a Verified Complaint in Rhode Island Superior Court naming the South Kingstown School Committee and its members, the South Kingstown School District, and Plaintiff Nicole Solas and her husband, Adam Hartman, as defendants. *See* Plaintiff's Complaint, Exh. A, Doc. 1-1.[4] Pursuant to paragraph 9 of the Union's Complaint, Plaintiff and her husband were named and included "only insofar as [the Union] [is] required to do so pursuant to G.L. 1956 § 9-30-11 which provides that '[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.'"

According to its August 2, 2021 Complaint (Plaintiff's Complaint, Exh. A, Doc. 1-1), the Union sought to have the Court enter a declaratory judgment and an injunction that certain records could not be produced by the South Kingstown school defendants as they were not "public records," and, if the Court needed, to review any documents in camera. Plaintiff's Complaint, Exh. A, Doc. 1-1, Count II at 7.

However, the Union withdrew its request for injunctive relief at a hearing on August 23, 2021. Exh. A-2, Pls.['] Mem. of Law in Supp. of Obj. to Req. for Mot. for S.J., at 10.[5] The Union had learned during a conference with the Court that the School Committee had reviewed the documents deemed responsive to Solas's APRA requests and determined that the Committee did not anticipate disclosing any documents that would implicate the privacy interests of teachers. Id.

---

[4] Other pleadings from the Union's case are attached hereto as Exhibits A-1 through A-8.
[5] For the sake of brevity, any pleadings filed in NEARI v. South Kingstown School Committee that are incorporated herein are done so excluding any exhibits appended thereto, unless otherwise noted herein. If the Court believes that reviewing any of the Superior Court documents would aid in its consideration of this Motion, Defendants will provide them.

As such, the Union's Complaint became moot and it offered to dismiss the School Committee, the Plaintiff, and her husband from the lawsuit pursuant to R.I. Super. Ct. R. Civ. P. 41. Id. The School Committee agreed to the voluntary dismissal by Stipulation; however, Plaintiff and her husband refused to agree to a dismissal, despite the fact that the Union no longer sought affirmative relief and neither the Plaintiff nor her husband had filed any counterclaims. *See* Pls.['] Mem. of Law in Supp. of Mot. to Voluntarily Dismiss Compl. Pursuant to R. 41, at 1-2, Exh. A-4.

Instead, Plaintiff and her husband filed a Motion for Summary Judgment based on the premise that the Union lacked standing and that the couple was immune from suit pursuant to R.I. Gen. Laws § 9-33-3, "Limits on Strategic Litigation Against Public Participation," (hereinafter referred to as "the anti-SLAPP statute"). Exh. A-5, Parents' Mot. for Summ. J.. Plaintiff and her husband also requested that the matter "be left open only for limited discovery to ascertain whether damages should be awarded under § 9-33-2(d) against [the Union] for bringing a frivolous action for the purpose of harassing Parents and *inhibiting their statutory and constitutional rights*." *See* Exh. A-5 at 2. (emphasis added).

Specifically, with respect to constitutional rights, Plaintiff and her husband argued:

> By attempting to prevent the School Committee, in advance, from answering the Parents' public requests for information [the Union's] lawsuit is a restraint on speech and a limitation on their right to petition. The [Union][has] asked this Court to "[t]emporarily, preliminarily *and permanently* restrain the School Department Defendants from providing responses to any of the pending [APRA] requests.

Exhibit A-5 at 16. (emphasis in original).

Plaintiff and her husband acknowledged that the School Committee was processing their APRA requests and applying the applicable APRA exemptions with "the assistance of capable outside counsel." In support of their argument that their APRA requests did not constitute a "sham" in accordance with the anti-SLAPP statute, Solas and her husband represented to the Court that

"[they] realistically (and sensibly) believe the School Committee will properly exercise its statutory duties under the law and [their] requests will be fulfilled." *See* Exh. A-5 at 13.

With respect to Plaintiff and her husband's Motion for Summary Judgment, the Superior Court determined that the Union had standing to bring the action, but that the Union was not entitled to injunctive relief under APRA. *See,* Decision, Exh. A-3, at *16-17. Additionally, the Court determined that some of Solas's elaborate APRA requests were objectively baseless, and therefore, found that a genuine issue of material fact existed as to whether her record requests constituted a "sham" pursuant to the anti-SLAPP statute. *See,* Decision, Exh. A-3 at *24, 26-27. *See,* Def. Parents' Renewed Mot. for Summ. J., Exh. A-6**.**

In support of the Renewed Motion for Summary Judgment, Solas provided an affidavit, stating:

> ¶ 25 The [School] Committee never pursued legal action against me.
>
> ¶ 27 It is my belief that the [Union] filed this action specifically because I submitted public records requests, and thus the action was directed at my free speech and petition activity under Rhode Island's anti-SLAPP law. R.I. Gen. Laws § 9-33-1, *et seq.*
>
> ¶ 28 It is my belief that [the Union]s [sic] action has interfered with and otherwise hindered my free speech rights and my rights to petition the government, including my right to summit [sic] record requests under APRA.

Exhibit A-6, Affidavit of Nicole Solas attached as Exh. A.

Pursuant to an Order of the Providence Superior Court dated January 9, 2023, the Union's Motion to Dismiss and the Plaintiff's and her husband's Renewed Motion for Summary Judgment were denied, the dismissal of the School Department was confirmed, and the case is currently pending. Order, January 9, 2023, Exh. A-8; Docket, Exh. A-1.

Additionally, on August 3, 2022, dissatisfied with the Attorney General's decision regarding one of her OMA Complaints, Plaintiff filed an action in Superior Court. Plaintiff alleged

that the South Kingstown School Committee violated the OMA when it contracted with a non-profit organization, Non-Violent Schools RI, for the purpose of conducting workshops and creating and facilitating a strictly advisory board composed of community volunteers who would offer their ideas as to how the School Committee could further ensure an anti-racist school district. After motion practice, the Superior Court issued a bench decision dated October 2, 2024, entering judgment as a matter of law in favor of the School Committee. Solas v. South Kingstown School Committee, C.A. No. PC-2022-04727, Complaint and Docket, Exh. B-1 and B-2. Final Judgment recently entered, and a notice of appeal was filed by Plaintiff on October 28, 2024. Docket, Exh. B-1, Final Judgment, Exh. B-4.

On January 22, 2024, Plaintiff filed another Complaint against the School Committee in Superior Court, this time alleging that the Committee violated APRA when it responded to one of her requests indicating that the District was not in possession of responsive documents. Solas v. South Kingstown School District, C.A. No. PC-2024-00376 , Docket and Complaint, Exh.C-1 and C-2. Solas alleged that she had been harmed, and sought documents, fines and fees against the School Committee. The School Committee made an Offer of Judgment and the parties entered into a Consent Judgment on April 29, 2024. Exh. C-3; Complaint, Doc. 1 at ¶¶ 136, 137.

The latest volley in the conflict waged by Ms. Solas is the instant action, her first filed in federal court against these Defendants.[6] Solas filed a 169 paragraph Complaint comprised of editorial, sweeping, pedantic statements of belief, often having nothing to do with any of the named Defendants. The instant Complaint contains three counts leveled against all Defendants: First, a violation of her right to Free Speech, powered by 42 U.S.C. § 1983; Second, alleging a violation

[6] Solas has also recently filed an action against the federal Secretary of the Department of Education, which appears to concern "banned books." Nicole Solas v. Miguel Cardona, 1:24-cv-03033-CRC (U.S. Dist. Ct. D.C. Oct. 23, 2024).

of her right to Equal Protection, also brought under 42 U.S.C. § 1983; and claims alleging a Civil Conspiracy to Violate her rights under 42 U.S.C. § 1985. As set forth herein, for numerous reasons, this Complaint should be dismissed.

## II. STANDARD OF REVIEW

Plaintiff's claims should be dismissed because they are painstakingly specific as to her beliefs and conclusions, yet at the same time lacking in plausibility or stating a legally cognizable claim against any named Defendant. Further, the action was not timely filed, and, given the pending State Court matters, this Court should abstain from consideration of her claims. Plaintiff's Complaint fails to adequately state claims against these moving Defendants as required under Rule 12(b)(6). In addition, Solas did not comply with the statutory jurisdictional prerequisite to filing suit against a Rhode Island municipality established in R.I. Gen. Laws § 45-15-5.

Although detailed factual allegations are not required to adequately state a claim, mere recitation of the elements of a cause of action are not enough.[7] Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 570 (2007) ("Iqbal-Twombley"). Such allegations do not state "a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678 (the Rule 12(b)(6) standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusations"). The court may grant a motion to dismiss "claims that are highly implausible or pled only in conclusory terms." Rule v. Fort Dodge Animal Health, Inc., 607 F.3d 250, 252 (1st Cir. 2010); DM Research, Inc. v. College of Am. Pathologists, 170 F.3d 53, 56 (1st Cir. 1999) ([a] court need not accept unsupported allegations of

[7] Plaintiff's Complaint fails even in this regard, as explained herein.

a "conspiracy" or an "agreement . . . as a sufficient basis for a complaint"). Seguin v. Chafee, 2012 U.S. Dist. LEXIS 177644, *22-23 (D.R.I. Dec. 14, 2012).

A complaint must have "facial plausibility"—that is, the Plaintiff must plead "factual content that allows the [C]ourt to draw the reasonable inference that the [specific][D]efendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. To draw such an inference, the complaint must allege facts linking each Defendant to the grounds on which *that Defendant* is potentially liable. Id. If the complaint fails to do so with respect to any Defendant, the complaint must be dismissed as to them. The "complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable. If the complaint fails to do so, it cannot survive at the district or circuit level. Redondo Waste Sys. v. Lopez Freytes, 659 F.3d 136, 140 (1st Cir. 2011).

Although the Court generally may not consider documents outside of the complaint unless it converts the motion to dismiss into one for summary judgment, it may make an exception "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to the [plaintiff's] claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Armstrong v. Kilmartin, supra, fn. 1. As stated earlier, both Plaintiff and Defendants herein refer to pleadings in Superior Court matters that are subject to judicial notice—because they are reliable and helpful to an understanding of this case and the issues in this Motion. They do not convert this Motion into one for Summary Judgment.

## III. ARGUMENT

### A. Plaintiff's Action Is Time-Barred

This action can be disposed of simply by looking at the calendar. According to the Complaint, all of the allegedly wrongful actions took place between June and August of 2021, culminating in the School Committee meeting of June 2, 2021, or, at the very latest, the NEARI lawsuit filed in Superior Court on August 2, 2021. This lawsuit was filed on August 5, 2024, three (3) years, three (3) months and three (3) days after the committee meeting, and three (3) years and two (2) days after the filing of the NEARI lawsuit. The length of the statute of limitations applicable to civil rights claims arising under §§ 1983 (Counts I and II) and 1985 (Count III) is borrowed from the law of the state in which the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387-88, (2007); Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004). The limitations period applicable to a municipality and its officials is three (3) years, R.I. Gen. Laws § 9-1-25, [8] so any claims based on actions before August 5, 2021 are time-barred.

Plaintiff's Complaint asserts three claims based on federal civil rights violations: First, a violation of her right to Free Speech, powered by 42 U.S.C. § 1983; Second, alleging a violation of her right to Equal Protection, also brought under 42 U.S.C. § 1983: and Third, Plaintiff Claims a Civil Conspiracy to Violate her rights under 42 U.S.C. § 1985. Sections 1983 and 1985 create private rights of actions, but do not contain their own limitations periods. The only dates contained in the Complaint are stale and thus do not support a viable federal civil rights or conspiracy claim. The complaint was filed with this Court on August 5, 2024—either months or at least two days too

---

[8] Section 9-1-25 specifically states "Failure to institute suit within the three year period shall constitute a bar to the bringing of the legal action."

late. *See* Salcedo v. Town of Dudley, 629 F. Supp. 2d 86 (D. Mass. 2009) (dismissing claims that were filed two days too late). Plaintiff's claims all center around the School Committee meeting of June 2, 2021 or the lawsuit filed against her (and against the School Committee) by NEARI and NEASK (neither of which are defendants in this lawsuit). In any event, that lawsuit was filed in state court on August 2, 2021, more than three years before the filing of the instant action. Exh. A-1.

Plaintiff formed a First Amendment argument well before the Committee took up the issues surrounding her APRA requests, and cannot ask for any amount of leniency from this Court. Plaintiff alleges that the School Committee meeting/discussion on June 2, 2021 was designed to silence her. That meeting ended in a unanimous vote not to file a declaratory judgment action in Superior Court. In an Affidavit, Nicole Solas clearly recognizes that the School Committee never pursued legal action against her. Exh. A-6, Affidavit at para. 25. Neither the Plaintiff nor the Superior Court hinted at any action after that date allegedly impacting any constitutional rights. Decision, Exh. A-3; Parent's Motion for Summary Judgment, Exh. A-5. The state court actions consistently reference and acknowledge Plaintiff's arguments regarding her constitutional rights. It is no wonder that Plaintiff wants to take the First Amendment issue away from the State Courts, since the Decision in NEARI shows the Court has already found that some of Solas's APRA requests are objectively baseless. Decision, Exh. A-3 at *12.

A claim under § 1985 for conspiracy to violate civil rights accrues "separately from the occurrence of each civil rights violation that causes actual damage to the plaintiff (as long as the plaintiff knows or should have known of the injury.)" *See* Nieves, 241 F.3d at 51 (citations omitted). It does not run from the date of the last overt act (but if it did, Plaintiff's Third Claim for Relief would still be time-barred). Id. Any claims alleging a violation of her free speech rights

via a conspiracy by any of these Defendants accrued on June 2, 2021 or at the latest the date of filing by NEARI, August 2, 2021. Her Complaint, filed over three (3) years later, is therefore time-barred.

### B. State Court Actions Mandate Abstention Pursuant to *Younger v. Harris*

At the time of filing, there have been three lawsuits involving either these same parties or concerning these same issues:

**First:** NEARI, NEASK v. South Kingstown School Committee, by and through its members, Christie Fish, Kate McMahon Macinanti, Melissa Boyd, Michelle Brousseau and Paula Whitfor, South Kingstown School Department, by and through its Acting Interim Superintendent Ginamarie Masiello, Nicole Solas and John Doe Hartman, No. PCSC-2021-05116. Exh. A, inclusive of A-1 through A-8. This action is the centerpiece of Solas's federal claim, even attaching the Union's Complaint to the instant Complaint. The Superior Court action contains many of the same allegations as the instant matter, and now Solas seeks monetary and injunctive relief. This case is pending in the Superior Court. Complaint, Doc. 1-1; Docket, Exh. A-1.

**Second:** Nicole Solas v. South Kingstown School Committee, No. PCSC-2022-04727. Exh. B, inclusive of B-1 through B-4. This action concerns meetings of an advisory committee, and whether it is a "public body" under the State's Open Meetings Act. The Superior Court recently determined that the OMA did not apply to this particular board, granting the School Committee's Motion for Summary Judgment and denying Solas's Motion for Summary Judgment. Final Judgment entered and Solas has appealed. Exh. B-1, B-3 and B-4.

**Third:** Nicole Solas v. South Kingstown School District, No. PCSC 2024-00376. Solas brought this action against the School District for an APRA violation. A Consent Judgment was

entered, where the School District paid fees and a civil fine. This matter is closed. Exh. C, inclusive of C-1 through C-3.

Pursuant to Younger v. Harris, 401 U.S. 37 (1971), and its progeny, there exists "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, (1982). Courts may abstain from hearing a matter under the Younger doctrine where "(1) the requested relief would 'interfere with ongoing state judicial proceedings;' (2) such proceedings 'implicate important state interests;' and (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" Sam M. ex rel. Elliott v. Chafee, 800 F. Supp. 2d 363, 377 (D.R.I. 2011) (quoting Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007)); Smith v. Rhode Island, 2017 U.S. Dist. LEXIS 193837, *1 (D.R.I. Oct. 24, 2017); Seguin v.Chafee, supra.

In the present action, Solas seeks compensatory and punitive damages, as well as "other and further relief". Complaint, Doc. 1, para. 169. A damage award "may interfere with a state proceeding because it can have the same practical effect as a declaratory judgment: the federal court has produced a ruling on the merits that the federal plaintiff can then use to alter the state proceeding." Rossi, 489 F.3d at 37. Awarding the relief sought by Plaintiff in this Court would no doubt interfere with the state proceedings described herein. Furthermore, the proceedings in the Rhode Island Superior Court implicate important state interests, codified in the OMA and the APRA, as well as how schools educate their students. Finally, Plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges (as referenced above), including an appeal to the Rhode Island Supreme Court. For these reasons, the Court should abstain from hearing this case under *Younger*. Smith v. Rhode Island, supra, at *1-2.

### C. Sarah Markey and Emily Cummiskey Are Not Proper Defendants[9]

Although Solas seeks compensatory and punitive damages, she has not sued any defendants in their individual capacities, such that monetary damages are available. There are two people named in the Complaint, both former School Committee members.[10] They are not named individually and are referenced only in passing in the Complaint. The only path to monetary damages (concerning individual defendants) is via allegations of deprivation of a constitutionally protected and clearly established right by individual capacity defendants. The only right specified in the Complaint is the right to be "free from suits", Complaint, Doc. 1, para. 144, which is not a clearly established constitutional right. Qualified immunity would surely apply even if the Court were to read the Complaint liberally. The Complaint is "entirely lacking in discernible legal claims against [Markey and Cummiskey] and should be dismissed as to them." Armstrong v. Kilmartin, 2017 U.S. Dist. LEXIS 75169 *20, supra.

Plaintiff names Cummiskey and Markey in the caption of the Complaint, and then barely mentions these two individuals in the body of the Complaint. It is at best unclear if Plaintiff sues either in their official or individual capacities. If Plaintiff meant to sue these two individuals in their official capacities, then they should be dismissed from this suit because (among other arguments) under Rhode Island law, "a suit brought against a municipal official…is a suit against the municipality." Town of Cumberland v. Vella-Wilkinson, C.A. No. PC 10-2096, 2012 R.I. Super. LEXIS 120, at *61 (August 1, 2012). As members of the School Committee, Cummiskey and

---

[9] It is counsel's understanding that Markey and Cummiskey have been named and served only in their official capacity. Nothing in this pleading should be read to presume that they have been sued or served in an individual capacity.

[10] Cummiskey was the Chair of the School Committee from January 2021 – June 8 of 2021. Complaint, Doc. 1, ¶ 112. Markey resigned in July of 2021. Complaint, Doc. 1, para 117. These dates of service underscore the stale nature of the Plaintiff's claims.

Markey were elected municipal officials, but neither were members when any of these lawsuits were filed. Therefore, Plaintiffs' suit against these individuals is more properly brought against the municipality.

Indeed, a pro se prisoner complaint has been dismissed by this Court on these grounds. Laurence v. Wall, 2009 U.S. Dist. LEXIS 115103, Report and Recommendation adopted in 2009 U.S. Dist. LEXIS 115300 (D.R.I., Lisi, J., December 10, 2009) held that sweeping allegations regarding conduct of "all defendants" without any additional facts "fail[s] to provide adequate specificity to state a claim against these defendants, especially given plaintiff's misguided choice to name so many defendants." *See also* Doe v. City of Pawtucket, 374 F. Supp. 3d 188, 195 (D.R.I. 2019) (same). Plaintiff's Complaint does not specify the conduct these two defendants engaged in, in their official or individual capacities, that deprived Plaintiff of her First Amendment rights. Thus, the Complaint, as to them, should be dismissed.

If Plaintiff meant to sue these two individuals in their individual capacities, the Complaint should also be dismissed. It appears from Plaintiff's Complaint that her two main issues with Cummiskey and Markey's conduct, that could be considered done in their "individual capacities", are articles written in the Providence Journal by Cummiskey (and the accompanying Facebook post) and a tweet Markey posted (and later deleted) that implicated Plaintiff and her APRA requests. *See* Complaint at ¶¶72, 73, 101, and 113. None of these allegations rise to the level of a federal constitutional claim.

Simply because Cummiskey and Markey were elected municipal officials at the time of their posts does not mean that they had surrendered all of their First Amendment rights, "[r]ather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." Garcetti v. Ceballos, 547 U.S. 410, 417 (2006).

qualify for First Amendment protection of free speech as a government employee, the speech must be made "(1) as a citizen and (2) on a matter of public concern." Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011). There can be no doubt that the content of Cummiskey and Markey's speech that Plaintiff references in her Complaint, involved matters of public concern; namely, issues of educational curriculum (critical race theory) and the overwhelming of the School District with APRA requests regarding the same. *See* Complaint, Doc. 1 at ¶¶72, 73, 101, and 113.

If this Complaint can be construed to state a claim against the individual school committee members, qualified immunity would clearly apply. The only constitutional right alleged with any specificity is "the right to be free from suits," Complaint, Doc. 1, para. 144, which is not a clearly established constitutional right. A governmental defendant enjoys qualified immunity for acts undertaken in their official capacity, such as Defendants Markey and Cummiskey. The reason, as articulated by the United States Supreme Court, is that civil rights suits may result in "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." Harlow v. Fitzgerald, 457 U.S. 800 (1982). The qualified immunity doctrine shields public officials from liability for civil rights violations so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. at 818. The doctrine leaves "ample room for mistaken judgments." Berthiaume v. Caron, 142 F.3d 12, 15 (1st Cir. 1998). The question is not whether some right has been clearly established at a highly abstract level—for example, the right to free speech—but "whether, under the circumstances that confronted the official, 'a reasonable official would understand that what he is doing violated that right.'" Id. The right to be free from suit is not clearly established, nor did the individual defendants bring any suit against this Plaintiff. No claim for damages can survive application of Qualified Immunity.

### D. Neither the South Kingstown School Department nor School Committee Are Proper Defendants

It is axiomatic that the North Kingstown School Department and School Committee must be dismissed from this case, because they are departments within the Town of South Kingstown. The Town has also been named as a Defendant, but, as argued herein, no claim has been or can be stated against it. Peters v. Jim Walter Door Sales, 525 A.2d 46, 47 (R.I. 1987) (because a school committee is a department of a city, the city itself and not the department is the proper party defendant). These two arms of government should be dismissed.

### E. Plaintiff Cannot Maintain a Claim Against the Town of South Kingstown

In addition to the fatal flaws discussed above, there are two distinct omissions that mandate dismissal of this action against the Town of South Kingstown.

#### 1. Plaintiff Has Failed to Comply with R.I. Gen. Laws § 45-15-5, Requiring Notice Prior to Suit.

R.I. Gen. Laws § 45-15-5 requires notice of any monetary claim to a municipality prior to instituting suit. Monetary claims against municipalities are strictly governed by the presentment and notice provisions set forth in § 45-15-5, with a 40 day waiting period prior to filing suit. The Supreme Court of Rhode Island has held that the purpose of the forty-day waiting period after a claim has been presented to the city or town council is to afford the municipality "a reasonable opportunity to settle a claim without putting the municipality to the expense of defending an action at law." Bernard v. Alexander, 605 A.2d 484, 485 (R.I. 1992) (per curiam); *see also* Serpa v. Amaral, 635 A.2d 1196, 1198 (R.I. 1994) (per curiam) ("This court has never waived the notice requirements on the basis of the municipality's actual knowledge."); Mesolella v. City of Providence, 508 A.2d 661, 666 (R.I. 1986), (recognizing that compliance with the statute's notice requirements and the forty-day waiting period are conditions precedent to filing suit and may be

grounds to challenge the appropriateness of a court's exercise of power) (citing Whalen v. Bates, 19 R.I. 274, 276, 33 A. 224, 224 (1895)). Plaintiff herein demands compensatory and punitive damages from all Defendants. Complaint, Doc. 1, para. 169 A-B. A statutory claim would have put the Town on notice as to what actions were challenged by this Plaintiff, which this Complaint simply does not do. Notice is a jurisdictional prerequisite to bringing suit against a municipality, and without it no complaint can stand. Provost v. Finlay, 768 A.2d 1356 (R.I. 2001).

2. Plaintiff Has Not Alleged What Municipal Policy or Custom Caused Her Damages.

Despite Plaintiff's "fact laden inflammatory discourse," Peabody v. Griggs, 2009 U.S. Dist. LEXIS 93184, *20-21 (D.R.I. Oct. 6, 2009), there are literally no allegations against the Town contained in the Complaint. Plaintiff fails to describe what activities or omissions the Town engaged in that caused a deprivation of her constitutional rights. This is significant for many reasons, including the doctrine that a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *See* Monell v. Dep't. of Soc. Servs., 436 U.S. 658 (1978). "[L]iability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury." Kelly v. Laforce, 288 F.3d 1, 9 (1st Cir. 2002, citing Monell, 436 U.S. at 690-691. The only right that Plaintiff asserts is the "right to be free from suits," an unrecognized federal right. She also acknowledges that no legal action was pursued against her by the School Committee. Exh. A-6, Affidavit of Nicole Solas, para. 25. Her Complaint does not indicate what policy or custom caused any injury to her constitutional rights. Her APRA-based cause of action cannot rise to the level of a constitutional wrong—it is a legislatively created state mechanism to obtain data from governmental bodies. The basic failure to state a custom or policy-based cause of action is fatal to Solas's action against the Town.

### F. Plaintiff Has Not Pled a Plausible First Amendment Cause of Action

Count One alleges a violation of Plaintiff's Right to Free Speech and is powered by 42 U.S.C. § 1983. She claims that the NEARI lawsuit, (Exh. A, Doc. 1-1 to Complaint) filed three (3) years and two (2) days before the instant case, was an attempt to silence her (by non-parties), and was in retaliation for her APRA requests. As Solas admits, the School Committee did *not* pursue any legal action against her. Exh A-6, Affidavit, para. 25. All Defendants herein were also Defendants—along with Solas—in that Complaint. She claims that the constitutional right that she asserts is the right to be free from suits filed against her. Plaintiff alleges constitutional violations in her Superior Court pleadings as well. However, given the admissions and acknowledgments by the Plaintiff, she has no plausible claim to relief under the First Amendment in this action.

First, as pointed out repeatedly herein, the right to be free from suit does not exist. Then, it is clear that no right of Plaintiff was chilled in any way by any legitimate action of any named Defendant. The Plaintiff claims that her First Amendment rights were violated during the June 2, 2021 School Committee meeting. In a post prior to the meeting, Solas posted to social media that "I am not afraid. And I will not stop asking questions." Complaint, Doc. 1 at Exh. A, Doc 101 at 27.

The June 2, 2021 meeting was legally required to be open to the public, and was a frank discussion about the concerns of the School Committee regarding the number of APRA requests submitted by Solas and the drain on resources they caused. At the end of the hearing that same night, the School Committee voted unanimously not to file suit against Solas, but rather to attempt alternative methods of resolving the issues surrounding her requests, Complaint at para. 108—a strategy she rejected. During that meeting, Solas spoke (although she refused to identify herself) saying that the meeting was meant to "publicly humiliate" her, but that "it didn't work." *See,* fn.

2 herein, video of meeting at 1:59. Also during that meeting, citizens concerned about Solas's actions spoke. In other words, all viewpoints were accommodated. Any attempts by speakers directly questioning or addressing Solas were prohibited by the School Committee.

In the Union's Superior Court lawsuit, Exh. A, Plaintiff has pushed her constitutional rights to the forefront, and that has been recognized by the Superior Court. The Superior Court denied Plaintiff's Motion for Summary Judgment, finding that genuine issues of material fact exist as to whether Plaintiff's APRA requests to the School Committee constitute a "sham" under the anti-SLAPP statute. The Superior Court has also made a finding of fact that some of Plaintiff's APRA requests could be deemed objectively baseless. Decision, Exh. A-3.

**G. Plaintiff Has Not Pled a Plausible Equal Protection Cause of Action**

Count Two alleges a violation of Plaintiff's federally protected right to Equal Protection. An equal protection plaintiff must show that, compared with others similarly situated, she was treated differently because of an improper consideration, such as race. Kuperman v. Wrenn, 645 F.3d 69, 78 (1st Cir. 2011). Individuals are similarly situated if they are "roughly equivalent" in "all relevant respects." Jordan v. City of Providence, 2024 U.S. Dist. LEXIS 185986 (D.R.I. Oct. 11, 2024); Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortg. Fin. Corp., 246 F.3d 1, 8 (1st Cir. 2001). In order to survive a Motion to Dismiss, a Plaintiff must be specific about their "comparators" and a similarly situated comparator must "have been subject to the same standards and have engaged in the same conduct" as the plaintiff. Mulero-Carrillo v. Román Hernández, 790 F.3d 99, 107 (1st Cir. 2015) (quoting Rodríguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999)). At the motion to dismiss stage, an equal protection plaintiff must, "[a]t a minimum … identify his putative comparators and put forth some facts showing the existence of malice or some other impermissible consideration[.]" Harron v. Town of Franklin, 660 F.3d 531,

537 (1st Cir. 2011) (citing Barrington Cove Ltd. P'ship, 246 F.3d at 7). See Alston v. Spiegel, 988 F.3d 564, 575 (1st Cir. 2021) (lack of allegations as to similarly situated comparators justified dismissal of discrimination claim).

This Plaintiff does not claim membership in a protected class, does not identify her comparators, and does not specify any unequal treatment. It follows, then, that Count Two must be read to claim that she is in a "class of one". This court held in Camelo v. Bristol-Warren Reg'l Sch. Dist., 2021 U.S. Dist. LEXIS 46683, *9-10:

> Because the Complaint does not allege that [Plaintiff] is a member of a protected class, Plaintiffs appear to be advancing a "class of one" theory. See Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013). Under this theory, a plaintiff must show that he or she was "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." Id. (quoting Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). The comparators must be "similarly situated in all aspects relevant to the challenged government action." Zell v. Ricci, 957 F.3d 1, 13 (1st Cir. 2020) (citation and quotations omitted). Further, the plaintiff must "identify and relate specific instances" where such similarly situated persons "were treated differently." Cordi-Allen v. Conlon, 494 F.3d 245, 250-51 (1st Cir. 2007) (citation and quotations omitted).

Here, as in Camelo, the Complaint alleges that the Plaintiff was treated differently than similarly situated individuals, but it does not identify those individuals or explain their likeness to the Plaintiff. As in Camelo, this conclusory allegation fails to state a plausible claim on which relief may be granted, and Count Two should be dismissed on this ground. See Iqbal, 556 U.S. at 678, (citing Twombly, 550 U.S. at 555).

### H. Plaintiff Has Not Pled a Plausible Conspiracy Claim

In Count Three, Plaintiff claims that these Defendants somehow conspired with (presumably) the teachers' union, and that communication was somehow prohibited by 42 U.S.C. § 1985. This section "confers a private right of action for injuries occasioned when 'two or more

persons…conspire…for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" Burns. v. St. Police Ass'n, 230 F.3d 8, 12 n.3 (1st Cir. 2000). "To state a claim under § 1985, a plaintiff must, among other requirements, allege the existence of a conspiracy intended to deprive an individual or class of persons of protected rights based on '*some racial, or perhaps otherwise class-based, invidiously discriminatory animus*.'" Id. at 12 (emphasis added); Cardillo v. Cardillo, 360 F.Supp. 2d 402 (D.R.I. 2005).

To succeed on a claim pursuant to § 1985(3), plaintiff must prove that (1) the defendants conspired, (2) with the intent to deprive her, directly or indirectly, of equal protection of the laws, (3) committed an act in furtherance of the conspiracy, and (4) that plaintiff or her property was injured or that plaintiff was deprived of exercising any right or privilege of a citizen of the United States. And to prove the claim requires specific factual evidence of a "meeting of minds" among conspirators. Salcedo v. Town of Dudley, 629 F. Supp. 2d 86, 104 (D. Mass 2009) (citations omitted).

Further, § 1985 has consistently been interpreted to require increased specificity in pleading a viable cause of action. Without that amount of specificity, a § 1985(3) cause of action must be dismissed. Tang v. Dep't. of Elderly Affairs, 904 F. Supp. 55, 62 (D.R.I. 1995), citing Barcelo v. Agosto, 876 F.Supp. 1332, 1350 (D.P.R. 1995). This Complaint, containing only conclusory statements, fails in that respect. The Complaint fails to allege any specific dates, topics or individuals who met or communicated with the purpose of violating her constitutional rights. The Complaint also fails to plausibly plead that the actions of the alleged conspirators were "propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus," which is required for a viable § 1985 claim. Veale v. Griffin, 2000 U.S. App. LEXIS 12289 (1st

Cir. 2000) (citing Aulson v. Blanchard, 83 F. 3d 1, 3 (1st Cir. 1996)), aff'd. Veale v. Griffin, 215 F.3d 1313, at *1. Plaintiff neither alleges nor describes any class-based animus sufficient to meet the requirements of 42 U.S.C. § 1985(3). The Supreme Court has made clear that § 1985(3) does not reach "conspiracies motivated by bias towards others on account of their economic views, status, or activities." United Bhd. Of Carpenters v. Scott, 463 US. 825, 837-38 (1983). "A class, to be cognizable, must be identifiable by reference to something more than the members' desire to engage in conduct that the § 1985(3) defendant disfavors." Aulson, 83 F.3d at 5.

"Finally, neither a government nor its agencies and officials are 'persons' for either 42 U.S.C. §§ 1983 or 1985. Washington v. Louisiana, 425 Fed. Appx. 330, 2011 U.S. App. LEXIS 9824 (5th Cir. 2011), cert. denied, 565 U.S. 1236 (2012); Flesch v. Eastern Pennsylvania Psychiatric Institute, 434 F. Supp. 963, 17 Fair Empl. Prac. Cas. (BNA) 294, 1977 U.S. Dist. LEXIS 15298 (E.D. Pa. 1977); Goodson v. Maggi, 797 F. Supp. 2d 587, (W.D. Pa.), adopted, 797 F. Supp. 2d 604 (W.D. Pa. 2011). Accordingly, none of the Defendants in the instant matter are appropriate parties to a conspiracy case.

The interaction between the School District and the unions is detailed in the Union's complaint filed in 2021, attached to the instant Complaint as Exh. A, Doc. 1-1. That complaint, which was verified by Jennifer Acevedo, Esq., Deputy Executive Director of the NEARI, and signed by another member of the bar, makes it clear that the Union wanted to stop the School District from releasing information, and in fact was told to file its own APRA request in order to see what information Plaintiff sought. As set forth more fully in its Superior Court pleadings, the communications between the unions and the School Committee officials did not concern squelching Plaintiff's voice or activities. Rather, the Union appeared to be protecting the privacy rights of its members.

For many reasons, this type of communication is not prohibited, and cannot form the basis for a federally recognized conspiracy claim. Since this Plaintiff does not allege the elements of a conspiracy with any specificity, or that she was a member of a class, that she was conspired against because of that membership, or that the criteria defining that class were invidious, Count III should be dismissed.

## I. The Complaint Violates Rule 8

The instant Complaint violates the foundational requirements of Fed. R. Civ. Proc. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) Rule 8 requires that each averment be "simple, concise and direct." Fed. R. Civ. P. 8(d)(1). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." Laurence v. Wall, No. CA 07-081 ML, 2007 U.S. Dist. LEXIS 46804, 2007 WL 1875794 at *1 (D.R.I. June 27, 2007); see also Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." Laurence, 2007 U.S. Dist. LEXIS 46804, at * 1 (emphasis added). This principle is particularly important in light of the requirement that a defendant "plead one of three alternatives in response to all of the allegations in a complaint, including attached documents or exhibits." Indiana Regional 2009 U.S. Dist. LEXIS 93184, *8; Council of Carpenters Pension Trust Fund. No. 2:06CV-32-PPS-PRC, 2006 U.S. Dist. LEXIS 82715, 2006 WL 3302642 at *2 (N.D. Ind. Nov. 9, 2006) (emphasis added); see also Calderon-

Garnier v. Sanchez-Ramos, 439 F. Supp. 2d 229 (D.P.R. 2006), aff'd, 506 F.3d 22 (1st Cir. 2007); Fed. R. Civ. P. 8(b).

In Peabody v. Griggs, 2009 U.S. Dist. LEXIS 93184, *34-35, Judge Lisi authored an unrestrained decision dismissing an Amended Complaint containing hundreds of paragraphs, referencing other documents, and containing numerous difficult to decipher allegations. In the end, that Complaint was dismissed for failure of the Plaintiff to plead discernable claims against the Defendants. After emphasizing Rule 8's requirement of concise pleading, Judge Lisi noted the practical considerations underlying the Rule:

> The overdose of fact-laden surplusage in the second amended complaint places an "unjustified [and unduly prejudicial] burden" on Defendants because, in order for them to respond, they would be "forced to select relevant material from a mass of verbiage." Miranda v. United States, 105 F. App'x 280, 281 (1st Cir. 2004) (quoting Wright & Miller, § 1281 at 522 (2d ed. 1990)). As a result, Defendants are left to tilt at windmills in order to comply with Rule 8's requirements that Defendants state their defenses in "short and plain terms" and "admit or deny the allegations" asserted against them by Plaintiffs. Fed. R. Civ. P. 8(b)(1).
>
> Additionally troubling for the Court is that in light of Fed. R. Civ. P. 8(b)(6)'s maxim that an allegation that is not denied is admitted, responding to this complaint is akin to "crossing a mine field with a faded [and incoherent] map as a guide." Hatco Corp. v. W.R. Grace Co-Conn., 849 F. Supp. 931, 938 (D.N.J. 1994). The time and expense involved for Defendants and this Court to decipher and parse this overly detailed and unduly cumbersome complaint is wholly unjustified. "Complaints which ramble, which needlessly speculate, accuse, and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the goals of the federal rules of civil procedure and] such complaints must be dismissed." Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y. 1972).

In the event that the Court decides that Plaintiff may have a claim to press, she should be required to file a Complaint that is less conclusory and editorial, contains allegations against the named defendants, and more notice pleading. For example, Defendants should not be required to research and respond to allegations that:

- “schools around the country are turning their classrooms into breeding grounds for bias and discrimination” Complaint, para. 2;

- “for the last decade, the dominant agenda advanced by the School Committee has been that of the National Education Association Rhode Island (NEARI) and its affiliate, National Education Association South Kingstown (NEASK)” Complaint, para. 25;

- “This influence is consistent with a national trend. Seven out of 10 school board elections are won by the candidate supported by the local teacher’s union…” Complaint, para. 27;

- “The policies favored by the teachers’ unions are consistently extreme…” Complaint, para. 28;

- “recently teachers’ unions have made it clear that they deem their domain to encompass essentially infinite moral, policy and cultural scope…” Complaint, para. 29;

- “The political and cultural values of NEARI and NEASK, and its dominance on the School Committee, have been consistent with both national trends discussed in the passage excerpted above.” Complaint, para. 31.

- “teachers’ unions regard the entire operation of public schools to be subject to their moral and cultural guidance.” Complaint, para. 32;

- “Ms. Solas purchased over $300 worth of public information and shared it to a private Facebook group to raise awareness about indoctrination in Rhode Island schools. Ms. Solas developed a growing network of like-minded teachers, parents, and community members who gave her information about CRT and gender theory infiltrating Rhode Island school districts.” Complaint, para. 56.

And so on. Neither the Defendants nor the Court should be forced to parse hundreds of overly narrative and editorial ramblings in the Complaint that, in the end, have little to nothing to do with the named Defendants.

## IV. CONCLUSION

For the foregoing reasons, the instant Motion to Dismiss should be granted.

Defendants,
By their attorneys,

*/s/ Marc DeSisto*
Marc DeSisto, Esq. (#2757)
*/s/ Rebecca Partington*
Rebecca Partington, Esq. (#3890)
*/s/ Jeffrey M. DeSisto*
Jeffrey M. DeSisto, Esq. (#10561)
DeSisto Law LLC
60 Ship Street
Providence, RI 02903
(401) 272-4442
marc@desistolaw.com
rebecca@desistolaw.com
jeff@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on this 22nd day of November, 2024 and available for viewing and downloading from the ECF system. Service of counsel of record, as listed below, will effectuated by electronic means:

| | |
|---|---|
| Ronald D. Coleman, *Pro Hac Vice* | Gregory P. Piccirilli, Esq. (#4582) |
| rcoleman@dhillonlaw.com | gregory@splawri.com |

*/s/ Rebecca Tedford Partington*